UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: RAH COLOR TECHNOLOGIES LLC PATENT LITIGATION<br><br>This Document Relates to Cases:<br><br>RAH Color Technologies LLC v. Adobe Inc., 3:18-cv-3277-SI,<br><br>RAH Color Technologies LLC v. Dalim Software GmbH, 3:19-cv-00518-SI | Case No. 18-md-02874-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 127 |

Now before the Court is defendant Adobe's motion for leave to amend its invalidity contentions. The motion was scheduled for a hearing on March 26, 2012, but the Court found it appropriate for resolution without oral argument and vacated the hearing date. For the reasons set forth below, the Court GRANTS Adobe's motion. The Court will hold a case management conference on **April 30, 2021 at 3:30 pm** in both remaining cases in this MDL.

**BACKGROUND**

Plaintiff RAH Color Technologies ("RAH") accuses Adobe of infringing four patents, numbers 7,312,897; 7,729,008; 7,791,761; and 8,416,444. In December 2018, the Judicial Panel on Multidistrict Litigation transferred this and other then-pending cases to this Court for coordinated or consolidated pretrial proceedings. On December 14, 2018, the Court stayed all discovery pending an initial case management conference and further order of the Court. The Court held an initial case management conference on April 4, 2019, at which time the stay on discovery was lifted.

On February 1, 2019, Adobe filed petitions with the Patent Trial and Appeal Board ("PTAB") for *inter partes* review of all asserted claims of the four patents. In August and September 2019, the PTAB issued decisions instituting IPR trials for the four asserted patents. This case was

stayed from September 10, 2019 to September 11, 2020 pending the issuance of PTAB's final written decisions in the *inter partes review*. Dkt. No. 117.

The PTAB issued final written decisions in all cases on August 19, 2020 and September 3, 2020. In IPR2019-00627 (U.S. Pat. 7,729,008) and IPR2019-00628 (U.S. Pat. 8,416,444), the PTAB found that Adobe had not demonstrated that all challenged claims were unpatentable. In IPR2019-00646 (U.S. Pat. 7,791,761), the PTAB found that Adobe had not demonstrated that claim 15 was unpatentable but that the remaining challenged claims (claims 7-11 and 13) were unpatentable. In IPR2019-00629 (U.S. Pat. 7,312,897), the PTAB determined all challenged claims were not patentable. Adobe has filed Notices of Appeal for the IPRs involving the '008 and '444 Patents. RAH has not appealed the decision regarding the '897 Patent, and has indicated that it intends to remove the '897 Patent from the current litigation. Adobe has not appealed the '761 patent final written decision with regard to the finding about claim 15.

In a case management conference on September 11, 2020, the Court granted Adobe leave to file the present motion to amend invalidity contentions. Adobe argues it has good cause to amend its invalidity contentions to: (1) incorporate prior art information recently provided by third parties Apple, Dalim and Heidelberger, (2) address an "annotations" limitation argument made by RAH in a related litigation against Quad/Graphics, Inc. and (3) add omitted publication dates for certain prior art publications already identified in Adobe's invalidity contentions and add further specificity to two of its claim charts.[1] Adobe filed the present motion on September 25, 2020. Dkt. No. 127.

**LEGAL STANDARD**

Patent Local Rule 3-6 provides,

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

---

[1] On August 21, 2019, Adobe filed its initial motion for leave to amend its invalidity contentions. Dkt. No. 101. The Court did not rule on the motion because the case was stayed soon thereafter due to the institution of the IPRs. The initial motion to amend invalidity contentions sought to add almost all of the same information at issue in the current motion.

2

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Patent L.R. 3-6. "The [local patent rules in the Northern District of California] seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

The good cause requirement in the local patent rules requires a showing that the party seeking leave to amend acted with diligence in moving to amend when new evidence is revealed in discovery. *O2 Micro*, 467 F.3d at 1363. "[I]f the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elec. Co. Ltd.*, No. 12-cv-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013).

**DISCUSSION**

Adobe seeks to amend its invalidity contentions to: (1) incorporate prior art information provided by third parties Apple, Dalim and Heidelberger, (2) address an "annotations" limitation argument made by RAH in a related litigation against Quad/Graphics, Inc., and (3) address specific amendments previously requested by RAH. Adobe characterizes the proposed amendments as "narrow," and asserts that it acted diligently in pursuing the amendments. Adobe's motion details at length the chronology of its efforts to obtain information about prior art from Apple, Dalim and Heidelberger, as well as when it first learned about the "annotations" argument made by RAH in a summary judgment opposition in other litigation. *See generally* Mtn. at 4-7 (Dkt. No. 127). Adobe also argues that RAH will suffer no prejudice because, *inter alia*, RAH has had access to the information on which Adobe seeks amendment for many months and the parties do not yet have a schedule for concluding either fact or expert discovery.

RAH opposes the motion. RAH asserts that Adobe has not been diligent, and asserts – without elaboration – that the scope of proposed amendments is much broader than Adobe has

represented. RAH also contends that the proposed amendments are barred by IPR estoppel. RAH argues that Adobe's proposed invalidity contentions contain the same prior art references that the PTAB considered during the IPRs. Relatedly, RAH argues that it will be prejudiced by the proposed amendments because "Adobe seeks to have another chance at the arguments it presented, and lost, at the PTAB, as well as to present arguments that it could have made there." Opp'n at 15.

The Court finds Adobe has established good cause to amend its invalidity contentions. The Court finds Adobe has acted with adequate diligence to discover the basis for the amendments and to seek leave to amend. Adobe began requesting Apple's ColorSync source code in August 2018 shortly after this case was transferred to the Northern District of California. Adobe obtained access to Apple's ColorSync source code in May 2019, inspected the source code in June 2019, and first sought to amend the invalidity contentions in August 2019. After the second stay in this case was lifted in September 11, 2020, Adobe discovered source code relevant to claim 15 of the '761 patent in a supplemental inspection of Apple's ColorSync source code.

Similarly, Adobe subpoenaed Heidelberger and Dalim for prior art on May 20, 2019, soon after the initial stay was lifted. Over the next two months, Heidelberger and Dalim provided responding documents which Adobe incorporated into proposed claim charts. Adobe also sought and received RAH's consent in May 2019 to bring a consolidated motion to amend its invalidity contentions incorporating claim charts with prior art information provided by Heidelberger, Dalim and Apple; Adobe filed that motion in August 2019. The Court did not rule on that motion because of the institution of the IPRs and the second stay, and Adobe promptly filed the current motion after the second stay was lifted. With regard to the "annotations" amendments, Adobe included that position when it drafted its IPR petitions in February 2019 and in the prior motion to amend. Under these circumstances, Adobe has been diligent. *See Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 491745, at *4 (N.D. Cal. Feb. 5, 2014) ("The good cause requirement does not require perfect diligence.").

The Court also finds that RAH will not be prejudiced by the amendments. As Adobe notes, RAH has long had notice of the proposed amendments, and the Court has not yet set a schedule for the close of fact and expert discovery. Adobe has represented that the proposed amendments are

4

"narrow," and the Court will hold Adobe to that representation. *See* Mtn. at 1 (Dkt. No. 127), Reply at 3-4 (Dkt. No. 148). Finally, with regard to the issue of IPR estoppel, the Court finds that the appropriate course is to allow Adobe to amend its invalidity contentions and permit RAH to raise IPR estoppel through motion practice. If RAH files a motion asserting that any of Adobe's invalidity defenses are barred by IPR estoppel, the parties shall address *inter alia*, the grounds upon which the IPRs were instituted, the prior art that the PTAB considered, and whether Adobe raised or could have raised the current invalidity defenses in the IPRs. *See generally Contour IP Holding, LLC v. GoPro, Inc.*, Case No. 3:17-cv-04738-WHO, 2020 WL 109063, at *5-6 (N.D. Cal. Jan. 9, 2020); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, Case No. 12-cv-05501-SI, 2017 WL 235048, at *2-6 (N.D. Cal. Jan. 19, 2017).

## CONCLUSION

For the foregoing reasons, the court hereby grants Adobe's motion for leave to amend its invalidity contentions**.** The Court will hold a case management conference on **April 30, 2021 at 3:30 pm** in both remaining cases in this MDL.

**IT IS SO ORDERED**.

Dated: March  30, 2021

SUSAN ILLSTON
United States District Judge